IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: SEROQUEL XR (EXTENDED RELEASE QUETIAPINE FUMARATE) LITIGATION<br><br>ALL END-PAYOR CLASS ACTIONS | Civil Action No. 20-1090-CFC |

**ORDER APPOINTING INTERIM CLASS COUNSEL**

Upon review of the submission of the parties, and for good cause shown, the Court hereby orders as follows:

1. Pursuant to Federal Rule of Civil Procedure 23(g), the court appoints the following as interim co-lead counsel for the proposed end-payor class:

> Robert G. Eisler
> GRANT & EISENHOFER P.A.
> 485 Lexington Avenue, 29th Floor
> New York, NY 10017
> Tel: (646) 722-8500
> Fax: (646) 722-8501
> reisler@gelaw.com
>
> Sharon K. Robertson
> COHEN MILSTEIN SELLERS & TOLL PLLC
> 88 Pine Street, 14th Floor
> New York, NY 10005
> Telephone: (212) 838-7797
> Facsimile: (212) 838-7745
> srobertson@cohenmilstein.com
>
> Jayne A, Goldstein
> SHEPHERD, FINKELMAN, MILLER & SHAH, LLP
> 1845 Walnut Street, Suite 806
> Philadelphia, PA 19103
> Telephone: (610) 891-9880
> Facsimile: (866) 300-7367
> Email: jgoldstein@sfmslaw.com

2. Interim co-lead counsel shall have authority over the following matters on behalf of plaintiffs and the proposed class: (a) convening meetings of counsel; (b) initiating, responding to, scheduling, briefing, and arguing motions; conducting all discovery proceedings; (d) assigning work to, and drawing upon the experience and resources of, counsel in any of the end-payer actions as interim co-lead counsel may deem efficient, non-duplicative, and appropriate; (e) retaining experts; (f) designating which attorneys may appear at hearings and conferences with the court; (g) determining the timing and substance of any settlement negotiations with the defendants (or potential defendants); (h) reviewing time expended and disbursements advanced by end-payor counsel; (i) approving all financial expenditures advanced in furtherance of the litigation; and (j) overseeing all other matters concerning the prosecution or resolution of these cases. Interim co-lead counsel is charged with ensuring that all work done by or on behalf of end-payors shall be non-duplicative and performed in a reasonably efficient manner.

3. Interim Counsel for the proposed End-Payor class shall work together and coordinate with Interim Counsel for the proposed Direct Purchaser class to ensure that all work necessary to prosecute this case is allocated based on the abilities and professional resources of counsel, with the objective of prosecuting the case in an efficient, non-duplicative manner.

4. All timekeepers carrying out work for the End-Payor Plaintiffs' common benefit who may look to any common fund or agreement for reimbursement or compensation shall maintain detailed contemporaneous time and expense records that identify with the name of the timekeeper, the time spent on each discrete activity, and the nature of the work performed. *See* Manual for Complex Litigation, Fourth § 14.213. Block-billing is not permitted.  Each firm that wishes to seek an award of attorneys' fees must provide to Interim Counsel on a monthly basis a report detailing the time spent and expenses incurred during the preceding month, as

well as the accumulated total of the firm's time, hourly rates, and expenses to date and any further information required by the Court or Interim Co-Lead Counsel.

5. Only time spent on matters undertaken for the common benefit of the class will be considered in determining fees.

6. Compensable common benefit word done on behalf of the putative class may include, but is not limited to:

- fact investigation and legal and factual research;
- preparation of research memoranda, pleadings, and briefs;
- conducting document discovery (e.g., reviewing, indexing, and coding documents);
- preparation of and responding to written discovery requests
- preparation for and attendance at depositions;
- preparation for and attendance at hearings;
- attendance at meetings called by Interim Co-Lead Counsel;
- work with clients;
- work with expert witnesses;
- settlement and settlement negotiations; trial preparation and trial; and
- performance of administrative matters specifically related to tasks assigned by Interim Co-Lead Counsel.

7. Common benefit work does not include:

- work not authorized by Interim Co-Lead Counsel;
- excessive time for a particular task;
- work performed by a person more senior than necessary for the task;
- duplicative time;

- "read and review" time (e.g., billing 15 minutes for reading every document filed on the Court's docket regardless of whether it related to the individual's responsibilities) unless specifically related to as task assigned by Interim Co-Lead Counsel;

- time for which descriptions are missing or incomplete; internal firm time for firm management; and

- time related to fee issues, time spent preparing or reviewing time and expenses, unless the fee review or time reporting review is being done by assignment or at the direction of Interim Co-Lead Counsel.

8. Advanced costs will be deemed as either "Shared" or "Held."

- Shared Costs are costs that will be paid out of a separate litigation fund account to be established and administered by interim co-lead counsel and to be funded by interim class counsel. Shared costs may include court filing fees, deposition and court reporter fees, costs of document repositories, expert witness and consultant fees, trial preparation fees, and accounting fees.

- Held Costs are those that will be carried by each attorney and reimbursed following a judgment or settlement. Held costs include Lexis/Westlaw research, telephone and postage, travel accommodations, and reasonable meals.

9. Each firm appointed in a role as interim class counsel will contribute to the litigation fund at times and in amounts sufficient to cover the payment of Shared Costs and any other expenses as may be necessary and appropriate. Interim co-lead counsel will determine the timing and amount of each assessment.

10. Interim co-lead counsel will establish a bank account for the collection and deposit of assessments and for the payment of Shared Costs as defined herein, as well as any other such functions as may be necessary and appropriate.

11. To be eligible for reimbursement of expenses, those expenses must meet the requirements of this section. Specifically, expenses must be:

- for the common benefit;

- appropriately authorized by interim co-lead counsel;

4

- timely submitted;

- reasonable in amount; and

- supported by adequate documentation.

12. Common benefit expenses include:

 - assessments paid at the request of interim co-lead counsel;

 - costs related to obtaining, reviewing, indexing, and paying for hard-copies of computerized images of documents;

 - deposition and court reporter costs;

 - costs for the electronic storage, retrieval and searches of ESI;

 - court, filing, and service costs;

 - group administration matters, such as meetings and conference calls;

 - reasonable expenses, including travel, lodging, and meals, incurred in connection with attending depositions, court hearings, meetings, and other common benefit tasks at the direction or authorization of interim co-lead counsel;

 - expert witness and consultant fees and expenses approved in advance by interim co-lead counsel;

 - investigator fees and expenses approved in advance by interim co-lead counsel;

 - printing, copying, coding and scanning;

 - data and materials provided by outside third-party vendors, consultants and attorneys approved in advance by interim co-lead counsel;

 - witness expenses, including travel;

 - translation costs; and

 - bank or financial institution charges.

13. Only expenses actually and reasonably incurred will be reimbursed. Interim co-lead counsel will set and enforce standards for incurring and documenting reasonable expenses.

5

14. Attorneys shall keep receipts for all expenses. Credit card receipts or monthly credit card statements are an appropriate form of verification. Hotel and restaurant costs must be proven by credit card statements, hotel invoice, or restaurant bill. The description of unclaimed expenses on the statement or invoice may be redacted. Receipts need not be submitted on a monthly basis but shall be maintained by the attorneys and shall be available at the request of interim co-lead counsel or the court.

15. The first time and expense report must be submitted on or before December 10, and must include all time and expense entries from the inception of the case through December 9, 2020.

16. Thereafter, counsel shall submit time and expense reports on a monthly basis. Such reports shall be submitted no later than the twenty-fifth day of the month, following the end of the month being reported. For example, January reports are due no later than February 25.

17. Each monthly submission should include a detailed time report with:

- the name and title of each person who performed common benefit work for the litigation during the reporting period;

- an itemization of the number of hours each person worked each day during the reporting period, in tenth-of-an-hour increments, separated by task; and

- a detailed description of the work performed in relation to each task on each day.

18. Each monthly submission should also include a detailed expense report that itemizes each expense incurred on each date, separated by expense category.

19. Time and expense entries that are not sufficiently detailed will not be considered for payment.

20. The court retains jurisdiction to oversee compliance with, and to resolve any disputes related to, the requirements of the Timekeeping Protocol and counsel's time and expense recording practices.

**IT IS SO ORDERED.**

Dated: November 13, 2020

_____
United States District Judge