IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litigation | Master Dkt. No. 20-1076-CFC |
| This Document Relates To: All Actions | |

[~~PROPOSED~~] ORDER
REGARDING CONSOLIDATION AND COORDINATION OF CERTAIN CASES, CONSOLIDATION OF DOCKETS AND BRIEFING ON DEFENDANTS' RENEWED MOTIONS TO DISMISS PLAINTIFFS' OPERATIVE COMPLAINTS

**A.    Consolidation of the Direct Purchaser Class Actions**

WHEREAS, Civil Action Nos. 20-1076-CFC and 20-1201-CFC are referred to as the "Direct Purchaser Class Actions;"

WHEREAS, the Direct Purchaser Class Actions each involve common issues of law and fact and consolidation will enable more efficient case management by the Court and avoid unnecessary costs and delays by avoiding duplicative discovery and motion practice in each case; and

WHEREAS, the parties agree that the Direct Purchaser Class Actions should be consolidated for all purposes;

Pursuant to Federal Rule of Civil Procedure 42(a), the Direct Purchaser Class Actions are consolidated for all purposes;

1

**B.     Consolidation of the Retailer Plaintiff Actions**

WHEREAS, Civil Action Nos. 20-1086-CFC, 20-1087-CFC, and 20-1089-CFC are referred to as the "Retailer Plaintiff Actions;"

WHEREAS, the Retailer Plaintiff Actions each involve common issues of law and fact and consolidation will enable more efficient case management by the Court and avoid unnecessary costs and delays by avoiding duplicative discovery and motion practice in each case; and

WHEREAS, the parties agree that the Retailer Plaintiff Actions should be consolidated for all purposes;

Pursuant to Federal Rule of Civil Procedure 42(a), the Retailer Plaintiff Actions are consolidated for all purposes;

**C.     Consolidation of the End-Payor Class Actions**

WHEREAS, Civil Action Nos. 20-1090-CFC, 20-1468-CFC, 20-1469-CFC, 20-1470-CFC, 20-1471-CFC, 20-1472-CFC, 20-1473-CFC, and 20-1474-CFC were previously consolidated for all purposes and are referred to as the "End-Payor Class Actions;"

If additional End-Payor Class Actions are filed in this district, or transferred to this Court, that purport to be brought on behalf of a class of end-payors of Seroquel XR, they shall be deemed part of the Operative Complaint and consolidated unless an objection is filed within 14 days and the objection is sustained.

### D. Coordination of the Direct Purchaser Class Actions, Retailer Plaintiff Actions and End-Payor Class Actions

Although the Direct Purchaser Class Actions, the Retailer Plaintiff Actions and the End-Payor Class Actions will not themselves be consolidated,[1] the parties agree that because these cases share a common nucleus of facts, discovery, and pre-trial proceedings in the three consolidated actions should be coordinated to the extent reasonably practicable.

The Direct Purchaser Class Actions, Retailer Plaintiff Actions and End-Payor Class Actions will be coordinated for discovery and pre-trial purposes.

### E. Case Caption and Consolidation of Dockets

The parties agree that it will promote efficiency for the dockets in the Direct Purchaser Class Actions, Retailer Plaintiff Actions and End-Payor Class Actions to be consolidated.

1.  The Clerk of Court is directed to consolidate the Direct Purchaser Class Actions, Retailer Plaintiff Actions and End-Payor Class Actions to one docket, with Civil Case No. 20-1076 designated as the Master Docket.

2.  All actions related to the Direct Purchaser Class Actions, Retailer Plaintiff Actions and/or End-Payor Class Actions filed in or transferred to this district, or to be filed or transferred, shall bear the following caption:

---

[1] *See Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481 (1968); *Ill. Brick Co. v. Illinois*, 431 U.S. 720 (1977).

| | |
|---|---|
| In re: Seroquel XR (Extended Release Quetiapine Fumarate) Antitrust Litigation | Master Dkt. No. 20-1076-CFC |
| This Document Relates To: | |

3.   When a pleading or other court paper filed is intended to apply to all actions, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading or other court paper is intended to apply only to one, or some, but not all, of such actions, the party filing the document shall indicate the action(s) to which the document is intended to apply. The parties may indicate, for example, "All Direct Purchaser Class Actions" or "All End-Payor Class Actions" or "All Retailer Plaintiff Actions."

4.   The master docket sheet entry will reflect the fact that any particular filing relates to one or more, but less than all, of the plaintiffs. It is the obligation of counsel for the party undertaking such a filing to ensure that any orders entered pursuant to such a filing reflect this limitation.

**F.   Schedule for Briefing Defendants' Renewed Motions to Dismiss**

WHEREAS, prior to these cases being transferred to this Court and subsequently consolidated, there were pending motions to dismiss that were filed pursuant to Rule 12(b)(6) in the Southern District of New York, which were briefed under Second Circuit law and in accordance with that court's procedures; and

WHEREAS, as a result of the transfer and consolidation of these cases, the parties have agreed, with the Court's permission, that the Plaintiffs in the Direct Purchaser Class Actions and End-Payor Class Actions will file Consolidated Complaints for their respective cases, and Defendants will file renewed motions to dismiss in each of the Consolidated Actions, which shall brief the issues under applicable Third Circuit law and comply with this Court's rules and procedures;

1. Plaintiffs in the Direct Purchaser Actions and End-Payor Class Actions shall file their respective Consolidated Complaints within two (2) days of entry of this Order;

2. Defendants shall file their renewed motions to dismiss and opening briefs by January 11, 2021 in each of the Consolidated Actions; Defendant Accord Healthcare, Inc. ("Accord"), which is named only in the Retailer Plaintiff Actions, may re-brief its unique arguments in a supplemental opening brief of no more than 2000 words.

3. Plaintiffs shall file their answering briefs in opposition to Defendants' renewed motions to dismiss by February 10, 2021 in each of the Consolidated Actions; and

4. Defendants shall file their reply briefs in support of their renewed motions to dismiss by March 5, 2021 in each of the Consolidated Actions; Defendant Accord may file a supplemental reply brief of no more than 1000 words.

**SO ORDERED** this _14Th_ day of **December, 2020.**

_____
United States District Judge